IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. _____

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : | |
| Plaintiff, | : | |
| vs. | : | COMPLAINT |
| DARDEN RESTAURANTS, INC.; GMRI, INC.; N AND D RESTAURANTS, INC.; DARDEN SW LLC; FLORIDA SE, INC., | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Anthony Scornavacca, Hugo Alfaro, and a class of individuals who were denied employment because of their age. As alleged with greater particularity below, statistical, documentary, and anecdotal evidence will establish that, nation-wide, Defendants Darden Restaurants, Inc., GMRI, Inc., N and D Restaurants, Inc., Darden SW LLC, and Florida SE, Inc. (collectively, "Defendants") have failed to hire employees age 40 and over for front of the house ("FOH") and back of the house ("BOH") positions at their Seasons 52 restaurants in violation of the ADEA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345.  This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 7(d) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. Defendant Darden Restaurants, Inc. ("Darden"), is a corporation organized under the laws of the State of Florida, and has conducted business directly and through its subsidiaries in the State of Florida.

5. GMRI, Inc. ("GMRI") is a wholly-owned subsidiary of Darden.

6. GMRI is a corporation organized under the laws of the State of Florida, and has conducted business, directly and through its subsidiaries, in the State of Florida.

7. GMRI has subsidiaries that operate under the trade name Seasons 52.

8. N & D Restaurants, Inc. ("N & D Restaurants") is a wholly owned subsidiary of GMRI.

9. N & D Restaurants, Inc. is a corporation organized under the laws of the State of Florida, and has conducted business in the State of Florida.

10. N & D Restaurants operates under the trade name Seasons 52.

11. Florida SE, Inc. is a wholly owned subsidiary of GMRI.

12. Florida SE is a corporation organized under the laws of the State of Florida and has conducted business in Florida.

13. Florida SE does business under the trade name Seasons 52.

14. Darden SW LLC. ("Darden SW") is a limited liability company organized under the laws of the State of Florida and has conducted business in Florida.

15. GMRI is the sole member and manager of Darden SW.

16. Darden SW operates under the trade name Seasons 52.

17. Defendants have continuously been doing business in the state of Florida and in locations throughout the United States, and have continuously had at least 20 employees.

18. Defendants operate as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, the centralized control over their labor relations, and their common ownership.

19. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

**CONDITIONS PRECEDENT**

20. More than thirty days prior to the institution of this lawsuit, Scornavacca and Alfaro filed charges of discrimination with the Commission alleging violations of the ADEA.

21. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(d).

22. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

**Defendants' Hiring Practices**

23. Seasons 52 describes itself as a fresh grill and wine bar that features a seasonally inspired menu in a casually sophisticated atmosphere.

24. From February 2010 to the present, Defendants have opened, or will be opening, thirty five (35) Seasons 52 restaurants nationwide. Each Seasons 52 restaurant maintains the same casually sophisticated atmosphere.

25. In order to ensure that the Seasons 52 culture and image are consistently maintained at all restaurants, Defendants utilize nearly identical hiring processes and practices for all pre-opening hiring and for hiring at all newly-opened restaurants.

26. Specifically, Defendants have a centralized and highly structured hiring process whereby training teams, including a group of Managing Partners or Directors of Operations, are deployed prior to new restaurant openings across the country to conduct and train other managers in hiring procedures. These training teams assist to-be-opened and newly-opened Seasons 52 restaurants with conducting interviews and making hiring decisions.

        In addition, these training teams conduct management training to ensure that hiring is done consistently at all new restaurants.

27. Defendants have maintained a standard operating procedure of denying employment to applicants in the protected age group through Defendants' centralized hiring process. For instance, Defendants' hiring officials have told unsuccessful applicants in the protected age group that: "you are too experienced"; "we are looking for people with less experience"; "we are not looking for old white guys"; "we are looking for 'fresh' employees"; and that Seasons 52 wanted a "youthful" image.

28. Defendants' hiring system disproportionately excludes individuals in the protected age group from employment. A sampling of Defendants' hiring data across restaurant locations nationwide shows that Defendants' hiring of applicants for both FOH and BOH positions in the protected age group is well below the expected hiring of applicants in the protected age group based on applications submitted and/or local Census data, and the disparity is statistically significant for FOH and/or BOH positions.

### Anthony Scornavacca

29. On October 13, 2010, Anthony Scornavacca ("Scornavacca"), then 52 years old, applied for a server position at the soon to-be-opened Seasons 52 in Coral Gables, Florida.

30. Scornavacca went to the Coral Gables location and filled out a written application for a FOH server position.

31. Scornavacca was advised during the course of his interview that he would not be hired because Seasons 52 wanted applicants with greater shift availability.

32. Defendants did not hire Scornavacca.

33. Defendants hired a number of young server applicants with similar or less shift availability than Scornavacca.

34. As a result of Defendants' failure to hire Scornavacca, Scornavacca has suffered damages.

### Hugo Alfaro

35. On October 11, 2010, Hugo Alfaro ("Alfaro"), then 49 years old, applied for a server position at the soon to-be-opened Seasons 52 in Coral Gables, Florida.

36. Alfaro went to the Coral Gables location and filled out a written application for a FOH server position.

37. During his initial interview, Alfaro advised Seasons 52 that he planned to leave his current job in the next few weeks and would therefore be able to attend Seasons 52's training, and could work full-time and during any shift.

38. Alfaro was advised that he would soon be contacted with information about training. When he was not contacted, Alfaro returned to Seasons 52 to inquire as to the training information.

39. When Alfaro returned, Seasons 52 asked Alfaro his age. Thereafter, when Alfaro asked Seasons 52 if he should check back regarding the position, he was advised that there was no need to do so.

40. Defendants did not hire Alfaro.

41. Defendants hired many less experienced applicants outside the protected age group.

42. As a result of Defendants' failure to hire Alfaro, Alfaro has suffered damages.

## STATEMENT OF CLAIMS

43. As set forth in paragraphs twenty-three (23) through forty-two (42), from February 2010 to the present, Defendants have subjected Anthony Scornavacca, Hugo Alfaro, and a class of aggrieved applicants for FOH and BOH positions to an ongoing pattern or practice of discriminatory failure to hire such persons because of their age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a).

44. As set forth in paragraphs twenty-three (23) through thirty-four (34), from February 2010 to the present, Defendants have intentionally discriminated against Anthony Scornavacca, who was denied employment because of his age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a).

45. As set forth in paragraphs twenty –three (23) through twenty-eight (28) and thirty-five (35) through forty-two (42), from February 2010 to the present, Defendants have intentionally discriminated against Hugo Alfaro, who was denied employment because of his age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a).

46. The unlawful employment practices complained of in Paragraphs forty-three (43) through forty-five (45) were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age;

b. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of their past and present unlawful discrimination practices;

c. Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, an equal sum of liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to, individuals aged 40 years of age and older that were not hired because of their age;

d. Order Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement, reinstatement, provide front pay in lieu of reinstatement, or otherwise make whole individuals denied employment because of their age;

e. Order Defendants to provide training for supervisors and managers at all corporate levels, specific to the ADEA;

f. Grant such further relief as the Court deems necessary and proper in the public interest; and

g. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

47. The Commission requests a jury trial on all issues of fact raised by its complaint.

Dated: February 12, 2015

          Respectfully submitted,

          P. DAVID LOPEZ
          General Counsel
          JAMES L. LEE
          Deputy General Counsel
          GWENDOLYN YOUNG REAMS
          Associate General Counsel
          U.S. Equal Employment Opportunity Commission
          131 M Street, N.E.
          Washington, D.C. 20507

          ROBERT E. WEISBERG
          Regional Attorney

          KIMBERLY A. McCOY-CRUZ
          Supervisory Trial Attorney

          /s/ Kristen Foslid
          Kristen Foslid
          Trial Attorney
          Bar ID No. 0688681
          Kristen.Foslid@eeoc.gov

          Ana Consuelo Martinez
          Trial Attorney
          Government Bar No. A5501912
          New York Bar No. 4935607

          Daniel Seltzer
          Trial Attorney
          Massachusetts Bar No. 680997

          U.S. Equal Employment Opportunity Commission
          Miami District Office
          100 S.E. 2nd Street, Suite 1500
          Miami, Florida 33131
          Tel: 305-808-1803
          Fax: 305-808-1835